**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOMOCREDIT, INC., and JOHN DOES 1-5,<br><br>Defendants. | Case No. 4:26-cv-01662 |

## CLASS ACTION COMPLAINT

**NOW COMES** RADLEY BRADFORD ("Plaintiff), individually, and behalf of all others similarly situated, by and through his undersigned counsel, complaining of TOMOCREDIT, INC., and JOHN DOES 1-5 ("Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Texas Business and Commerce Code § 305.053.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, Texas.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

9. Defendant is an online loan company that specializes in issuing loans to consumers with low credit scores.

10. Defendant maintains its principal place of business in San Francisco, California.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

12. Upon information and belief, Defendant engages third party vendors/agents to place outbound marketing calls to consumers on Defendant's behalf.

13. Upon information and belief, Defendant controls and directs the activities of the third-party vendors/agents it utilizes to place calls and send text messages on its behalf and is therefore liable for the acts of its third-party vendors/agents.

## FACUTAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7679.

15. At all times relevant, Plaintiff's number ending in 7679 was assigned to a cellular telephone service.

16. At all times relevant, Plaintiff's number ending in 7679 was not associated with a business and was utilized for personal and residential purposes. Plaintiff utilizes his cellular telephone number for residential purposes as his cellular telephone number is the primary means of reaching Plaintiff at his residence. Accordingly, Plaintiff is a "residential telephone subscriber."[1]

17. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18. At all times relevant, Plaintiff's cellular telephone number ending in 7679 was registered on the National Do-Not-Call Registry. Plaintiff personally registered his cellular telephone number on the National-Do-Not-Call Registry.

19. On or around October 27, 2023, Plaintiff began to receive unsolicited text messages from Defendant.

---

[1] The FCC has expressly rejected interpreting "residential subscribers" narrowly to exclude cellular telephone numbers categorically. *Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14038.

20. At that time, Plaintiff brought suit against Defendant for violations of the TCPA, and the matter was subsequently resolved.

21. As part of the settlement, Defendant was to cease sending the unwanted and harassing texts to Plaintiff.

22. On June 30, 2025, Plaintiff received another solicitation text message from Defendant.

23. On July 4, 2025, Defendant placed another promotional text message to Plaintiff's cellular phone.

**DAMAGES**

24. Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation text messages, decreased productivity, aggravation that accompanies unwanted solicitation text messages, frustration, loss of concentration, and the loss of battery charge.

25. Moreover, each time Defendant sent a solicitation text message to Plaintiff's cellular phone, Defendant temporarily occupied Plaintiff's cellular phone such that Plaintiff was unable to utilize his cellular phone while the text message popped up on Plaintiff's cellular phone.

26. Frustrated with Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to vindicate his rights.

**CLASS ALLEGATIONS**

27. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

**Do-Not-Call Registry Class**

> All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, sent, or caused to be sent a text message; (2) directed to a residential telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the text message was to market Defendant's products/services; (5) without the individual's express consent; (6) within the four years preceding the date of the original complaint through the date of class certification.

29. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

30. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

31. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

32. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

33. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

**B. Commonality and Predominance**

34. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

35. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

36. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful telemarketing practices.

**D. Superiority and Manageability**

37. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E. Adequate Representation**

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

43. Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

## COUNT I:

**Violations of the Telephone Consumer Protection Act**
**(on behalf of Plaintiff and Members of the Do-Not-Call Registry Class)**

44. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Pursuant to 47 C.F.R. § 64.1200(c)(2) (a regulation promulgated under 47 U.S.C. § 227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

46. Defendant violated 47 C.F.R. § 64.1200(c)(2) by placing numerous solicitation text messages to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.[2]

[2] Courts across the nation, including the United States Supreme Court, have *unanimously* held that a text message is a "call" for purposes of the TCPA. *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 156 (2016) (Supreme Court acknowledging that it is "undisputed" that a text message to a cellular telephone is a "call"

47. As pled above, Plaintiff revoked consent to receive solicitation messages from Defendant.

48. Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the registry is publicly available and easily accessible.

49. Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation messages, Defendant recklessly placed text messages to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

50. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls or texts to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

a. an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

---

for purposes of the TCPA); *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (holding that a text message is a "call" for purposes of the TCPA); *Lozano v. Twentieth Century Fox Film Corp*., 702 F. Supp. 2d 999, 1008 (N.D. Ill. 2010) (rejecting defendant's contention that a text message is not a "call" for purpose of the TCPA); *Warciak v. Subway Rests., Inc.*, 2019 U.S. Dist. LEXIS, at *4 (N.D. Ill. 2019) ("For purposes of [the TCPA], a text message is considered a 'call'"); *Lawson v. Visionworks of Am., Inc.*, 2023 U.S. Dist. LEXIS 36825, at *3 (M.D. Fla. 2023 (recognizing that "[a] text message to a cell phone qualifies as a 'call' under the TCPA") *citing* to *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 156 (2016); *Shank v. Givesurance Ins. Servs.*, 2022 U.S. Dist. LEXIS 32259, at *13 (S.D. Ohio 2022) ("For purposes of the TCPA, a text message to cellular telephone is a 'call'").

b. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

c. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

d. judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

e. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

f. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

g. any further relief this Court deems just and proper.

## COUNT II

### Violations of the Texas Business and Commerce Code §305.053
### (Plaintiff Individually)

51. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Pursuant to Texas Bus. & Com. Code §305.053, a person who violates § 227 of the TCPA also violates Texas Bus. & Com. Code §305.053.

53. Defendant violated § 305.053 of the Texas Bus. & Com. Code by violating § 227 of the TCPA as set forth above.

54. Specifically, each text message sent by Defendant that violated the TCPA similarly violated § 305.053 of the Texas Bus. & Com. Code.

**WHEREFORE**, Plaintiff requests the following relief:

a. an order enjoining Defendant from placing further violating calls to Plaintiff;

b. an award of no less than $500.00 for each violating call;

c. an award of treble damages up to $1,500.00;

d. any further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 27, 2026

Respectfully Submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@atlaslawcenter.com